922 F.2d 841
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
CHEROKEE EXPRESS, INC., Plaintiff-Appellee,
v.
CHEROKEE EXPRESS, INC., et al., Defendant-Appellant.
 No. 90-1359.
 United States Court of Appeals, Sixth Circuit.
 Jan. 11, 1991.
 
 Before DAVID A. NELSON, Circuit Judge, and PECK and LIVELY, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a civil contempt order against the appellant, Cherokee Express, Inc. Finding that Appellant Cherokee had violated an injunction against operating a trucking business under that name, the district court imposed a fine of $1,000. We conclude that there was sufficient evidence before the district court to support the finding of a violation, and we shall therefore affirm the court's order.
 
 
 2
 * Appellant Cherokee is a Pennsylvania corporation engaged in the business of hauling general commodities by motor vehicle. The appellee--a Michigan corporation also named Cherokee Express, Inc.--is a contract carrier likewise engaged in the transportation of general commodities. It is undisputed that the appellee operated in, among other states, Michigan and Pennsylvania.
 
 
 3
 Because Appellant Cherokee was soliciting business under the name "Cherokee Express" in states where the appellee operated, the district court issued a preliminary injunction prohibiting Appellant Cherokee from "soliciting and offering services, and/or providing services to the general public under the name of Cherokee Express, Inc. for clients and/or customers of [the appellee]," and from "soliciting and offering services and/or providing services to the general public using the name Cherokee Express, Inc." The parties agree that the injunction was limited to states in which the appellee was operating, including Michigan and Pennsylvania.
 
 
 4
 On July 14, 1989, some seven months after issuance of the preliminary injunction, the district court found Appellant Cherokee in violation of the preliminary injunction and imposed a fine of $2,500. The court found that Appellant Cherokee had been operating under the name "Cherokee Lady" and that this name was similar enough to "Cherokee Express" to create confusion. The district court also found that Appellant Cherokee had "sought to compete in the market area in which ... [the appellee] currently operates," and that Appellant Cherokee had "encroached into the geographical area in which [the appellee] operates...."
 
 
 5
 Within a few months, Appellant Cherokee was brought before the court on a motion to show cause why it should not again be found in violation of the injunction. After a hearing, the court again found Appellant Cherokee in violation. A fine of $1,000 was imposed. It is the amended order imposing this fine that is before us now.
 
 
 6
 The court based the finding of a second violation on the testimony of Ronald Faherty, president of A.R.L., Inc., a sister company for which Appellant Cherokee was a essentially a "sales and marketing" arm. Mr. Faherty testified that he was running Appellant Cherokee while its president, Marianne Ventresca, was on medical leave, and he said that he had continued to operate it under the name "Cherokee Lady." He stated that the only difference between the way he was operating Appellant Cherokee and the way Ms. Ventresca operated it was that he was the person in charge. He further stated that he continued to do the billing while Ms. Ventresca was on leave and that "we kept the name going until we seen what was happening here so if she come back, she would have some ki[n]d of viable business maybe."
 
 
 7
 Faherty's admission that he was operating the company in the same way it had been operated previously, that he was continuing to bill customers, and that he kept the name "Cherokee Lady" going provided clear and convincing evidence that Appellant Cherokee was soliciting business in violation of the injunction.
 
 
 8
 The activities about which Faherty testified took place at the headquarters of either A.R.L. or Appellant Cherokee. Both headquarters are in Pennsylvania, one of the states in which the injunction was in effect. This circumstance lends further support to the district court's finding.
 
 
 9
 For the reasons stated, and for the reasons more fully set forth in the district court's amended memorandum opinion and order dated February 14, 1990, the order is
 
 
 10
 AFFIRMED.